## RRS Imaging Assoc. Ltd. v. Medical Service Assn. of Pa.

*Dean A. Weidner,* for plaintiff.
*Thomas E. Wood,* for defendants.

HOFFER, *J.,* October 10, 1985—Plaintiffs brought this action in equity seeking both a construction of their agreement with Blue Shield and an accounting of amounts allegedly due them under this agreement. Each plaintiff entered into a preprinted form contract with Blue Shield. These contracts obligate plaintiffs to perform medical services for all Blue Shield subscribers, and obligated Blue Shield to pay plaintiffs for all services rendered to such patients. All compensation from Blue Shield was received subject to Blue Shield's rules, regulations and bylaws.

Among the most important of the incorporated laws, rules and regulations, is §6324(c) of the Professional Health Services Plan Corporation Act codified at 40 Pa. C.S. §6301 et seq. (Blue Shield Regulatory Act). Section 6324(c) gives Blue Shield power to elect an administrative panel to hear and resolve disputes concerning the professional health services rendered by its participating physicians. Secton 6324(c) reads as follows:

"All matters, disputes or controversies relating to the professional health services rendered by the health service doctors, or any questions involving professional ethics, shall be considered and determined only by health service doctors as checked in a manner prescribed in the bylaws of the professional health service corporation." 40 Pa. C.S. §6324(c).

Article X of Blue Shield's bylaws, enacted in accordance with §6324(c), provides for a medical review committee and outlines the scope of its powers. Section one of Article X provides:

"Section 1. Review Committees. All matters, disputes or controversies arising out of the relationship between the corporation and doctors of medicine, doctors of osteopathy, doctors of dental surgery, doctors of podiatry, or doctors of optometry, including any questions involving professional ethics, shall be considered, acted upon, disposed of and determined by the appropriate one of the two review committees hereinafter referred to. Id.

Plaintiffs contend that the matter before us now is based solely on contract interpretation and has nothing to do with rendering of professional health services. Thus, plaintiffs assert the dispute lies outside the exclusive ambit of 40 Pa. C.S. §6324(c), the relevant bylaws created under it, and is properly before this court.

Blue Shield objects on three grounds. First, they claim this court lacks subject matter jurisdiction. Second, Blue Shield asserts plaintiffs' failure to exhaust their statutory and contractual remedies acts to bar their access to this court. Finally, Blue Shield asks this court to strike plaintiffs' complaint in equity because of an allegedly adequate remedy at law.

Because we agree with Blue Shield's second objection that the medical review committee should have the first opportunity to hear plaintiffs' claims on their merits, we decline to address Blue Shield's other objections.

## DISCUSSION

Requiring plaintiffs to present their claims to Blue Cross's Medical Review Committee finds sup-

port in well established case law, statutory enactments and common sense.

The doctrine of exhaustion of administrative remedies is fundamental to the judiciary's recognition of administrative autonomy. In McKart v. United States, 395 U.S. 185 (1969), the Supreme Court noted a primary purpose of the exhaustion doctrine is the avoidance of premature interruption of the administrative process. The agency, like a trial court, is created for the purpose of applying a statute in the first instance. Accordingly, it is normally desirable to let the agency develop the necessary factual background upon which decisions should be based. And since agency decisions are frequently of a discretionary nature or frequently require expertise, the agency should be given the first chance to exercise that discretion or to apply that expertise. Id. at 193-94. Were courts to bypass administrative panels on a regular basis, the administrative process would be significantly undermined.

The law in Pennsylvania is equally clear on the matter. In Canonsburg Gen. Hosp. v. Dept. of Health, 492 Pa. 68, 422 A.2d 141 (1980), Pennsylvania's Supreme Court noted the following:

"Well-settled case law of this Court precludes a party challenging administrative decision making from obtaining judicial review . . ., without first exhausting administrative remedies. . . . Judicial review without either a proper record or an administrative adjudication would constitute '(p)remature interruption of the administrative process.' " (Citations omitted). Id. at 492 Pa. 73, 422 A.2d at 144, see also Illinois Beef L. & W. S. Inc. v. Henning, 76 Dauph. 260 (1960).

These decisions, like our decision today, are based not only upon legal doctrine, but also upon

common sense and practical considerations of judicial efficacy. Four such considerations influence our decision in this case.

First, it would be judicially inefficient to address plaintiffs' claims on their merits. If we exercise equity jurisdiction in this matter, and upon appeal such exercise is determined to be ill founded, a need for an entirely new record will arise. Such a result is neither in the best interests of the parties, nor of the courts. If, on the other hand, plaintiffs first present their claims to the medical review committee, an original and proper record would already be in place and the potential for duplication of effort and judicial inefficiency would be eliminated.

Second, both parties agree that Blue Shield's payment mechanism is complex. Therefore, by allowing Blue Shield to develop a complete record of the case, this court could reap the benefits of the committee's specialized expertise.

Third, we recognize the possiblity that plaintiff's alleged rights might be successfully vindicated by the review committee. This would obviate the need for plaintiffs to seek redress in this court, and thereby further the goals of judicial efficacy.

Finally, the fundamental structure of the courts suggests that the medical review committee is the proper forum to, at least initially, hear this dispute. Blue Shield has created a panel for the express purpose of hearing health care disputes. Plaintiffs have presented no convincing arguments to show why the review committee should not hear this dispute.

Pennsylvania's legislature is in clear agreement with the principles just mentioned. It enacted 40 Pa. C.S. §6324(c), which mandates the creation of a medical review committee. In addition, Pennsylva-

nia's Statutory Construction Act of 1972, as amended, 1 Pa. C.S. §1504, mandates strict pursuance of statutorily prescribed remedies. Section 1504 reads as follows:

"In all cases where a remedy is provided or a duty enjoined or anything directed to be done by any act or acts of assembly of this Commonwealth, *the directions of the said acts shall be strictly pursued, and no penalty shall be inflicted, or anything done* agreeably to the provisions of the Common Law, in such cases, *further than shall be necessary for carrying such act or acts in effect.* Id. (Emphasis added). Pennsylvania's legislature provides both for a forum to address complaints similar to that of plaintiffs, and for guidelines suggesting that such forums be utilized.

We expressly withhold judgment today on the question whether Blue Shield's Medical Review Committee is plaintiffs' exclusive avenue of redress. Similarly, we decline to make a ruling on whether plaintiffs have an adequate remedy at law. We narrowly confine our holding today to sustaining Blue Shield's second objection and it is now so ordered.

## ORDER OF COURT

And now, October 10, 1985, defendant's objection in the form of a motion to strike for failure to exhaust statutory and contractual remedies is sustained. We expressly withhold judgment on Blue Shield's other objections pending the outcome of the *medical review committee's hearing of this matter.* We request, in accordance with Article X, Section eight of Blue Shield's Bylaws, that all testimony be stenographically recorded and a complete record of the hearing be kept.